Magomed Gusein Gasanov, Esq. (CA SBN: 368130)
137 S Crescent Dr., Apt. 3
Beverly Hills, CA 90212
gasanov.mgz@gmail.com
213-642-9978

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| ADAM VITAEV,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, JR., Field Office Director, ICE Los Angeles Field Office; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States; and WARDEN of the Adelanto ICE Processing Center, Adelanto, California,<br><br>Respondents. | Case No. 5:26-cv-05889<br><br>VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241<br><br>PROLONGED IMMIGRATION DETENTION — FIFTH AMENDMENT DUE PROCESS; EXPEDITED CONSIDERATION REQUESTED (28 U.S.C. § 2243)<br><br>A# 246-407-444<br><br>Related Case: *Vitaev v. Semaia*, No. 5:26-cv-00601-MWF-E |

## I. INTRODUCTION

1. Petitioner Adam Vitaev has been held in immigration detention at the Adelanto ICE Processing Center since May 29, 2025 — more than sixteen months. He is not serving a criminal sentence and has never been convicted of any crime. He is held only so that his asylum case can be decided.

2. The government has justified that detention exactly once. On November 26, 2025 — Mr. Vitaev's 181st day in custody — an Immigration Judge held the bond hearing that the permanent injunction in *Rodriguez v. Holder*, No. CV 07-3239-TJH (C.D. Cal. Aug. 6, 2013), requires for noncitizens in this District detained longer than six months. The Immigration Judge denied bond.

3. More than ten months have passed since that hearing. In that time, Mr. Vitaev's case has moved from the Immigration Court to the Board of Immigration Appeals ("BIA"), where it is likely to remain for many more months, followed by possible review in the Ninth Circuit. No one has scheduled another hearing. No neutral decision-maker has asked whether his continued detention is still justified. Under the current system, no one ever will.

4. The *Rodriguez* injunction reflects a settled principle in this District: once civil immigration detention passes six months, the government must come forward and justify it before a neutral decision-maker. That principle does not expire after it is applied once. Mr. Vitaev has now been detained for another ten months — far longer than the six-month period that triggered his first hearing — on the strength of findings made in November 2025. His detention has become prolonged, and due process requires that the government either release him or justify his continued detention again.

5. This Petition does not ask the Court to revisit the November 2025 bond decision, which the Court reviewed in *Vitaev v. Semaia*, No. 5:26-cv-00601-MWF-E. It rests on facts that arose after that case closed on June 18, 2026: the Immigration Judge's September 8, 2026 merits decision, the BIA appeal filed October 1, 2026, and the additional months of detention without any hearing. As the Court noted in the prior case, it was "in no way suggesting that Petitioner cannot eventually succeed on his due process claim based on additional legal or factual developments on the merits." (*Vitaev*, ECF No. 8 at 4.) Those developments have now occurred.

6. Mr. Vitaev asks the Court to order his release under appropriate conditions of supervision. If the Court decline the primary remedy, in the alternative, Mr. Vitaev asks the Court to order a new bond hearing within seven days at which the government must justify his continued detention by clear and convincing evidence.

## II. CUSTODY

7. Mr. Vitaev is in the physical custody of Respondents at the Adelanto ICE Processing Center, 10250 Rancho Road, Adelanto, California 92301, within this District and Division. He is under the direct control of Respondents and their agents.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3), 28 U.S.C. § 1331, and Article I, § 9, clause 2 of the United States Constitution. A challenge to a noncitizen's ongoing detention without a bond hearing falls within the "core of habeas." *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024); *see Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

9. Neither 8 U.S.C. § 1252(g) nor § 1252(b)(9) bars this Petition. Mr. Vitaev does not challenge any decision to commence proceedings, adjudicate his case, or execute a removal order, and he does not seek review of any removal order. *Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (plurality opinion); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Nor does 8 U.S.C. § 1226(e) preclude review of constitutional claims or questions of law. *Martinez v. Clark*, 124 F.4th 775, 781–82 (9th Cir. 2024); *Jennings*, 583 U.S. at 295–96.

10. Venue is proper in this District under 28 U.S.C. § 1391(e) because Mr. Vitaev is detained here and his immediate custodian is located here. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

## IV. PARTIES

11. Petitioner Adam Vitaev is a 27-year-old native and citizen of the Russian Federation. He has been detained at the Adelanto ICE Processing Center since May 29, 2025.

12. Respondent Warden of the Adelanto ICE Processing Center is Mr. Vitaev's immediate physical custodian and is named in his or her official capacity.

13. Respondent Ernesto Santacruz, Jr. is the Field Office Director of the Los Angeles Field Office of U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, which has administrative jurisdiction over Mr. Vitaev's detention. He is a legal custodian of Mr. Vitaev and is named in his official capacity.

14. Respondent David J. Venturella is the Acting Director of ICE. He is a legal custodian of Mr. Vitaev and is named in his official capacity.

15. Respondent Markwayne Mullin is the Secretary of Homeland Security. He is responsible for the administration of the immigration laws and is a legal custodian of Mr. Vitaev. He is sued in his official capacity.

16. Respondent Todd Blanche is the Attorney General of the United States. He oversees the Executive Office for Immigration Review, including the Immigration Courts and the BIA, and is named in his official capacity.

## V. STATEMENT OF FACTS

### A. Entry, Parole, and Life in the United States

17. Mr. Vitaev arrived at a United States port of entry on December 17, 2022, seeking asylum. The Department of Homeland Security ("DHS") inspected him and paroled him into the United States under 8 U.S.C. § 1182(d)(5)(A). (Ex. C.) Parole of a noncitizen in custody is available only where the noncitizen presents "neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b).

18. Mr. Vitaev applied for asylum with U.S. Citizenship and Immigration Services in December 2022. He received employment authorization on July 20, 2023, and worked, including as a ride-share driver in Southern California. (Exs. C, D.)

19. His parole expired on December 16, 2023. (*See Vitaev*, ECF No. 6 at 1.) On March 14, 2024, DHS commenced removal proceedings. Mr. Vitaev filed his asylum application with the Immigration Court on August 22, 2024, attended his hearings, and complied with the requirements placed on him.

20. Before his detention, Mr. Vitaev had never been arrested, charged, or convicted of any offense in the United States.

21. His brother, Amin Vitaev, lives in the United States and has been granted asylum.

**B. Detention and the Rodriguez Bond Hearing**

22. On May 29, 2025, ICE arrested Mr. Vitaev at Los Angeles International Airport as he was preparing to board a domestic flight to Colorado to begin a new truck-driving job. He has been detained at Adelanto ever since.

23. On November 26, 2025 — his 181st day of detention — an Immigration Judge held a bond hearing under the *Rodriguez* injunction, with the government bearing the burden of proof. The Immigration Judge denied bond, finding that Mr. Vitaev posed a danger to the community and a flight risk. (*Vitaev*, ECF No. 6-1.) Mr. Vitaev disputes those findings, but this Petition does not ask the Court to review them.

24. Mr. Vitaev's first habeas petition challenged the November 2025 decision as an abuse of discretion. The Court denied that petition on June 18, 2026. (*Vitaev*, ECF Nos. 17, 21, 22.) That decision reviewed only the Immigration Judge's November 2025 findings. It did not decide whether Mr. Vitaev's detention had

become unconstitutionally prolonged, and it could not account for events that occurred afterward.

**C. Events Since June 2026**

25. In opposing relief in the prior case, the government argued that Mr. Vitaev's proceedings were "not unreasonably delayed" because he was "scheduled for a merits hearing before an immigration judge on April 22, 2026." (*Vitaev*, ECF No. 6 at 1.) His case was not decided until nearly five months after that date.

26. On September 8, 2026, the Immigration Judge denied Mr. Vitaev's applications for asylum, withholding of removal, and protection under the Convention Against Torture. (Ex. A.)

27. On October 1, 2026, Mr. Vitaev timely filed a Notice of Appeal with the BIA. (Ex. B.) The appeal is pending, and no removal order is administratively final. *See* 8 C.F.R. § 1241.1(a).

28. No bond hearing has been held since November 26, 2025, and none is scheduled. Nothing in the *Rodriguez* injunction, the Immigration and Nationality Act, or the regulations requires the government ever to revisit Mr. Vitaev's detention.

29. As of the filing of this Petition, Mr. Vitaev has been detained for more than sixteen months, including more than ten months since his only bond hearing.

30. Mr. Vitaev is housed in a medium-high custody classification unit at Adelanto, a secure facility where the conditions of confinement resemble criminal incarceration. (Ex. F.) During his detention he has repeatedly sought medical care for back and knee pain. (*Id.*)

31. Members of the community support his release. Henry J. Kaiser, a Los Angeles resident who has known Mr. Vitaev since early 2025, describes him as a "helpful, kind, and caring" person. (Ex. D.) Ali Mohamed Abdallah, a United States citizen living in Santa Barbara who has known Mr. Vitaev for years, writes that he

has "never seen any aggression or inappropriate behavior from him," that Mr. Vitaev is "not a danger to the community," and that "he will follow all the court requirements and attend all hearings." Mr. Abdallah recounts that when he asked for help loading merchandise onto a truck for work, Mr. Vitaev arrived early, worked alongside him until late evening, and refused payment, telling him "he was happy to help a friend." (Ex. E.)

## VI. EXHAUSTION

32. No statute requires exhaustion here. Exhaustion in this context is prudential, not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). It is properly waived where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

33. Waiver is appropriate. The question presented — whether Mr. Vitaev's detention has become unconstitutionally prolonged — is a constitutional question that the BIA has no authority to decide. *See Matter of C-*, 20 I&N Dec. 529, 532 (BIA 1992). It requires no agency expertise and no further factual record. *See Hernandez*, 872 F.3d at 989; *Poot v. Mullin*, No. 5:26-cv-03321-CTS, slip op. at 10–12 (C.D. Cal. Sept. 9, 2026).

34. Requiring further administrative steps would also cause irreparable injury, because every month spent pursuing them is another month of the detention this Petition challenges. In 2024, the BIA took an average of 204 days to decide bond appeals. *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025). Between fiscal years 2015 and 2025, the BIA's pending caseload grew more than five-fold, to 202,946 appeals. Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026).

## VII. CLAIM FOR RELIEF

**<u>COUNT ONE</u>**

**Violation of the Due Process Clause of the Fifth Amendment — Unconstitutionally Prolonged Detention**

35. Petitioner realleges and incorporates by reference each of the preceding paragraphs.

36. The Due Process Clause applies to "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that Clause protects." *Id.* at 690.

37. Civil immigration detention is constitutional only when it serves its legitimate purposes — ensuring appearance and protecting the community — and only for a reasonable period. *Id.* at 690–91, 699–701. In upholding detention during removal proceedings, the Supreme Court relied on the "brief period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 513 (2003). Justice Kennedy, whose vote formed the majority, explained that a noncitizen "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." *Id.* at 532 (Kennedy, J., concurring).

38. The Ninth Circuit has recognized that detention becomes "prolonged" at six months, when "the private interests at stake are profound," and that prolonged detention must be justified at a hearing before a neutral decision-maker. *Diouf v. Napolitano*, 634 F.3d 1081, 1091–92 (9th Cir. 2011); *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008). At that hearing, the government must prove by clear and convincing evidence that the detainee is a flight risk or a danger. *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011), *abrogated on other grounds by Jennings*, 583 U.S. 281.

39. In this District, the *Rodriguez* permanent injunction puts that rule into practice. It requires that each class member detained longer than six months receive, "by the class member's 181st day of detention," a bond hearing at which the government must justify continued detention by clear and convincing evidence. *Rodriguez v. Holder*, No. CV 07-3239-TJH, ECF No. 353 at 3–5 (C.D. Cal. Aug. 6, 2013); *see Rodriguez v. Robbins*, 715 F.3d 1127, 1135–36 (9th Cir. 2013). The injunction remains in force. *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018); *Matter of Dobrotvorskii*, 29 I&N Dec. 211, 211 n.2 (BIA 2025).

40. A bond hearing decides whether detention is justified at that point in time. It does not authorize detention for however long the government's case may later take. As detention grows longer, the detainee's liberty interest grows stronger and the justification found months earlier grows weaker. A finding made at month six cannot, consistent with due process, justify detention at month sixteen and beyond without any further review.

41. Courts in this Circuit decide whether detention has become unreasonably prolonged by weighing: (1) the total length of detention; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays caused by the detainee; (5) delays caused by the government; and (6) the likelihood that the proceedings will end in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); *Yemane v. Unknown Party*, No. CV-26-03673-PHX-MTL (JZB), 2026 WL 2792993 (D. Ariz. Aug. 13, 2026), *adopted*, 2026 WL 2784380 (D. Ariz. Sept. 16, 2026); *Agbor v. Borja*, No. 26-00019, 2026 WL 2198737 (D. Guam July 30, 2026). Every factor either favors Mr. Vitaev or is neutral.

42. *Length of detention.* This is "the most important factor." *Banda*, 385 F. Supp. 3d at 1118. Mr. Vitaev has been detained for more than sixteen months. More than ten months have passed since his only hearing — longer than the entire six-month period that triggered that hearing. Courts have found comparable or shorter

periods unreasonable. *See Yemane*, 2026 WL 2792993 (seventeen months); *Agbor*, 2026 WL 2198737 (just over one year).

43. *Likely future detention.* Mr. Vitaev's BIA appeal was filed on October 1, 2026, and briefing has not yet begun. The BIA's backlog has grown more than five-fold in ten years while its membership was cut from 28 to 15. 91 Fed. Reg. at 5270. Bond appeals alone averaged 204 days in 2024. *Rodriguez v. Bostock*, 802 F. Supp. 3d at 1307. After the BIA rules, either party may seek review in the Ninth Circuit. Mr. Vitaev therefore "faces indefinitely prolonged detention while administrative and potentially judicial appeals of his removal order are decided." *Yemane*, 2026 WL 2792993 (quoting *Liang Ding v. Noem*, No. 1:26-cv-01217-DJC-SCR (E.D. Cal. Mar. 19, 2026)).

44. *Conditions of detention.* Mr. Vitaev is held in a medium-high custody unit of a secure detention facility. "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (cleaned up).

45. *Delays caused by Mr. Vitaev.* None. Pursuing an appeal is not delay attributable to the detainee; a noncitizen "should not be effectively punished through indefinite detention for exercising [his] right to appeal." *Yuehui Chen v. Noem*, No. 5:26-cv-00397-SSS-DTB, 2026 U.S. Dist. LEXIS 31999, at *15 (C.D. Cal. Feb. 13, 2026); *see Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 964 (N.D. Cal. 2019).

46. *Delays caused by the government.* The government told this Court that the merits hearing would take place on April 22, 2026. The decision did not issue until September 8, 2026. The BIA's system-wide backlog is likewise not attributable to Mr. Vitaev. Detention "will also appear more unreasonable when the delay in proceedings was caused by the immigration court or other non-ICE government officials." *Sajous v. Decker*, No. 18-cv-2447 (AJN), 2018 U.S. Dist. LEXIS 86921, at *35 (S.D.N.Y. May 23, 2018).

47. *Likelihood of a final removal order.* Mr. Vitaev is pursuing a good-faith appeal, and his brother has been granted asylum in the United States. "[W]here a noncitizen has asserted a good faith challenge to removal, the categorical nature of the detention will become increasingly unreasonable." *Banda*, 385 F. Supp. 3d at 1120 (citation omitted). This factor is at least neutral.

48. The same result follows under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Mr. Vitaev's interest in freedom from imprisonment is "fundamental." *Hernandez*, 872 F.3d at 993. The risk of erroneous deprivation is high when the only justification for detention is a finding made ten months and an entire stage of proceedings ago. And the government's burden is minimal: a hearing costs little, and supervised release costs far less than detention. *Id.* at 996.

49. Respondents may rely on *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). That decision resolved an as-applied challenge on its own record. It does not hold that detention may continue indefinitely — through the BIA and the court of appeals — on the strength of a single hearing held months earlier, without any renewed determination that detention remains justified.

50. Mr. Vitaev's continued detention, without any renewed justification before a neutral decision-maker, violates the Due Process Clause of the Fifth Amendment.

## VIII. REMEDY

51. The Court may "dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he typical remedy for [unlawful executive] detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

52. Release is the appropriate remedy here, for four reasons.

53. First, Mr. Vitaev has already had a bond hearing. Ordering another risks the "endless series of insufficient — or even sham — bond hearings" that this Court

has cautioned against. *Rivera Mendoza v. Noem*, No. CV 25-3227-MWF (AGR), 2026 WL 923311, at *6 (C.D. Cal. Apr. 1, 2026).

54. Second, DHS itself determined in December 2022 that Mr. Vitaev could be released on parole, which requires a finding that he presented "neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). Courts have ordered release on that basis where, as here, the noncitizen's parole expired and DHS detained him long afterward. *Osorio v. Frink*, No. 4:26-CV-07711, 2026 U.S. Dist. LEXIS 219870, at *10–12 (S.D. Tex. Sept. 28, 2026).

55. Third, when the government fails to provide a timely justification for continued detention, release — not a belated hearing — is the proper remedy. *Soltakhanov v. Mullin*, No. EP-26-CV-00168-DCG, ECF No. 45 at 4–5 (W.D. Tex. July 14, 2026); *see also Poot*, slip op. at 22 (ordering release where petitioner "has already had three bond hearings").

56. Fourth, any remaining concern about appearance can be addressed through conditions of supervision short of detention, such as reporting requirements, electronic monitoring, or enrollment in ICE's Intensive Supervision Appearance Program. *See Hernandez*, 872 F.3d at 990–91, 996.

57. In the alternative, if the Court declines to order release, it should order Respondents to provide Mr. Vitaev a bond hearing before an Immigration Judge within seven days, at which (a) the government bears the burden of proving by clear and convincing evidence that he is a danger to the community or a flight risk, *Singh*, 638 F.3d at 1203–05; (b) the Immigration Judge considers the length of detention to date and its likely future duration; and (c) the Immigration Judge considers alternatives to detention and Mr. Vitaev's ability to pay any bond, *Hernandez*, 872 F.3d at 1000. If no such hearing is held within seven days, Mr. Vitaev should be released.

**IX. PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause requiring Respondents to show why the writ should not be granted, on an expedited schedule under 28 U.S.C. § 2243;

(3) Declare that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment;

(4) Issue a writ of habeas corpus ordering Respondents to release Petitioner within 24 hours under reasonable conditions of supervision;

(5) Enjoin Respondents from re-detaining Petitioner during his removal proceedings unless, before re-detention, an Immigration Judge finds at a hearing that the government has proven by clear and convincing evidence that he is a danger to the community or a flight risk;

(6) In the alternative, order Respondents to provide Petitioner a bond hearing within seven days that complies with the requirements set out in Section VIII above, and order his release if no such hearing is held;

(7) Enjoin Respondents from transferring Petitioner outside this District while this Petition is pending;

(8) Order Respondents to return all of Petitioner's property upon release, including identity and immigration documents;

(9) Order Respondents to file a status report within three days of Petitioner's release or bond hearing;

(10) Award reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(11) Grant such further relief as the Court deems just and proper.

Dated: October 5, 2026

Respectfully submitted,

/s/ Magomed Gusein Gasanov

Magomed Gusein Gasanov, Esq. (CA SBN: 368130)
137 S Crescent Dr., Apt. 3
Beverly Hills, CA 90212
gasanov.mgz@gmail.com
213-642-9978

Attorney for Petitioner Adam Vitaev

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I, Magomed Gusein Gasanov, declare as follows:

I am counsel for Petitioner Adam Vitaev in this matter and submit this verification on his behalf because he is detained at the Adelanto ICE Processing Center and cannot readily appear to sign it. I have reviewed the foregoing Petition and the records of Petitioner's immigration and prior habeas proceedings, and I have communicated with Petitioner regarding the facts alleged. The factual statements in the Petition are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 5, 2026, at Beverly Hills, California.

/s/ Magomed Gusein Gasanov

Magomed Gusein Gasanov, Esq.

**INDEX OF EXHIBITS**

Exhibit A: Decision of the Immigration Judge (Sept. 8, 2026)

Exhibit B: Notice of Appeal to the Board of Immigration Appeals (Form EOIR-26) with Proof of Service (Oct. 1, 2026)

Exhibit C: Parole Documentation (Form I-94) and Employment Authorization Document (redacted per Fed. R. Civ. P. 5.2)

Exhibit D: Letter in Support of Release of Henry J. Kaiser (Aug. 1, 2026) (redacted per Fed. R. Civ. P. 5.2)

Exhibit E: Letter in Support of Release of Ali Mohamed Abdallah (redacted per Fed. R. Civ. P. 5.2)

Exhibit F: Selected Detention Housing and Medical Records, Adelanto ICE Processing Center (redacted per Fed. R. Civ. P. 5.2)