**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADAM VITAEV,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ JR., ETC., ET AL.,<br><br>Respondents. | No. ED CV 26-5889-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Verified Petition for Writ of Habeas Corpus, etc." ("the Petition") on October 5, 2026. Respondents failed to file any timely Answer to the Petition.[1] Petitioner filed a "Notice of Respondents' Failure to Appear and to Respond to the Petition" on October 14, 2026.

///

///

---

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding the "Notice of General Order 26-05, etc." ("The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted").

## BACKGROUND

Petitioner is a native and citizen of the Russian Federation. He entered the United States in late 2022 and requested asylum.

Petitioner's immigration parole reportedly expired in December of 2023, but Petitioner was not taken into ICE custody until May of 2025, when he was arrested at LAX while attempting to leave the jurisdiction.

On November 26, 2025, Petitioner sought bond from an immigration judge. After a lengthy hearing, the immigration judge denied bond, finding that the Government had met its burden to demonstrate that Petitioner's release would pose a danger to the community and a risk of flight. In a written order, the immigration judge cited evidence that Petitioner recently had been involved in an altercation between detainees and law enforcement which had included physical resistance by the detainees and, ultimately, law enforcement's use of pepper spray. The immigration judge also cited evidence that Petitioner's local ties are limited to a single brother and that Petitioner's eligibility for relief from removal was speculative.

## THE PRIOR ACTION

On February 10, 2026, Petitioner filed a habeas action in this Court. See Vitaev v. Semaia, ED CV 26-601-MWF(E) ("the prior action"). In the prior action, Petitioner sought immediate release from detention or, alternatively, another bond hearing.

By Order and Judgment entered June 22, 2026, the Court dismissed the prior action with prejudice. The Court held, inter alia, that the immigration judge had not abused discretion in finding that Petitioner's release would pose an unacceptable danger to the

community and an unacceptable risk of flight.

## EVENTS OCCURRING AFTER JUDGMENT IN THE PRIOR ACTION

On September 8, 2026, an immigration judge denied Petitioner's application for asylum. The immigration judge ordered Petitioner removed to Russia. Petitioner filed an appeal with the Board of Immigration Appeals, which remains pending.

## DISCUSSION

Respondents failed to file a timely Answer. However, habeas relief may not properly issue as a consequence of a respondent's default. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014). To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). In the present case, Petitioner has failed to carry this burden.

Not much has changed since the Court's dismissal of the prior action, and the most material change has been adverse to Petitioner's challenge to the propriety of his detention. As the Court noted in the prior action, one of the bases for the immigration judge's denial of bond was the judge's perception that the success of Petitioner's asylum application was speculative. Now, subsequent events arguably have vindicated that perception. Petitioner's asylum application has been denied.

///

///

It is true that Petitioner has been in detention for another four months following the dismissal of the prior action. Even so, the statute under which Petitioner has been detained, 8 U.S.C. section 1226(a), does not confer a right to periodic bond hearings. See Jennings v. Rodriguez, 538 U.S. 281, 297-03 (2018). Under certain circumstances, the prolonged nature of a detention may require a second bond hearing as a matter of constitutional due process. However, the Court is unable to find a due process violation in the present case. In Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022) ("Rodriguez-Diaz"), the Ninth Circuit held that an immigration detainee's due process-based facial and as-applied challenges to the detainee's section 1226(a) detention failed as a matter of law. In Rodriguez-Diaz, more time had passed following the first bond hearing than has passed in the present case. In Rodriguez-Diaz, the Ninth Circuit's application of Mathews v. Eldridge, 424 U.S. 319 (1976) did not yield the conclusion that due process required habeas relief. The same conclusion is warranted in the present case. See id.; accord Cora Perez v. Dep't of Homeland S., 2026 WL 2547266 (C.D. Cal. Aug. 27, 2026); see also Hernandez v. Noem, 2026 WL 2678656 (C.D. Cal. Sept. 11, 2026).

## CONCLUSION

For all of the foregoing reasons, the Petition is denied and dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 15, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE